**UNITED STATES COURT OF APPEALS**

<u>**Filed 1/9/97**</u>

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GUILLERMO GONZALEZ,

      Defendant - Appellant.

No. 96-3083
(D.C. No. 95-CR-10009-4)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **KELLY** and **LUCERO**, Circuit Judges.

---

Guillermo Gonzalez appeals his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that the district court committed three reversible errors: first, that the court refused to allow him to obtain a timely jury determination of his guilt or innocence; second, that the court denied dismissal for double jeopardy; third, that the court allowed an involuntary "proffer" into evidence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I

On November 14, 1994, defendant was arrested under California law for possessing a vehicle with a false or concealed compartment. Although officers found no drugs in defendant's Toyota Previa van, a drug detection dog "alerted" on the hidden compartment, indicating that it had at one time contained drugs. However, the police did find $6,550 in cash and a copy of registration papers for another Previa van. One week later, Kansas police stopped this second van, and found 111 kilograms of cocaine in a hidden compartment very similar to that found in appellant's vehicle. Imelda Gonzalez, who is not a relative of appellant, was a passenger in this second van. Found with her was an electronic organizer that contained defendant's pager number. Shortly thereafter, officers stopped a third Previa van, and inside a similarly hidden compartment, discovered 102 kilograms of cocaine.

At trial, Ms. Gonzalez testified that defendant had been recruited by Mirta Gomez to drive vans containing cocaine from Los Angeles to New York. Ms. Gonzalez stated that she was paid by Thelma Wingist to keep schedules of the van trips, call drivers when a van was ready to depart, and herself make some ten trips to New York in these vans. Ms. Gonzalez further testified that she arranged several trips made by defendant, and that his pager number was given to her by Mirta Gomez.

II

In its opening statement, the prosecution indicated that Mirta Gomez would testify she recruited appellant into the alleged drug conspiracy. However, Ms. Gomez was never called to the stand by the prosecution. After the government presented its evidence against defendant, Ms. Gomez was called as a defense witness by defendant's indicted co-conspirator, Irving Parker. Though Ms. Gomez did not refer to defendant directly, she testified that she told other van drivers that the hidden compartments were being used to conceal cocaine.

Arguing that Mr. Parker's defense, and Ms. Gomez's testimony in particular would be prejudicial, defendant filed a number of motions for severance. On the same grounds, defendant filed a motion for judgment of acquittal at the close of the government's case-in-chief against him and prior to Ms. Gomez's testimony. We review the denial of severance for abuse of discretion. United States v. Wacker, 72 F.3d 1453, 1468 (10th Cir. 1996).[1]

To meet the "heavy burden" required to prevail on a severance motion, a "defendant must demonstrate actual prejudice [from the failure to sever] and not merely a negative spill-over effect from damaging evidence presented against codefendants." Id.; see also Zafiro v. United States, 506 U.S. 534, 539 (1993) ("[A] district court should grant a severance . . . only if there is serious risk that a

---

[1]Both the government and defendant analyze defendant's motion for judgment as a motion for severance. For purposes of this appeal, we accept this characterization.

joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."). Showing that separate trials might have offered a better chance of acquittal is not sufficient to meet the defendant's burden. United States v. Petersen, 611 F.2d 1313, 1331 (10th Cir. 1979).

Defendant claims he was denied the "absolute right to test [the government's] evidence" at the close of the prosecution's case-in-chief. Appellant's Br. at 28. He argues that Ms. Gomez's testimony prejudiced him because it provided strong circumstantial evidence he knew he was transporting cocaine during the van trips. He further contends that without this testimony the jury might not have found he possessed the requisite knowledge for conspiracy.

Mr. Gonzalez has been unable to find federal authority addressing the precise situation at issue here—where one defendant seeks judgment at the close of the government's case-in-chief, but a codefendant seeks to mount a potentially prejudicial defense. His citation to state law, see State v. Martin, 673 P.2d 104 (Kan. 1984), is unpersuasive. In Martin, one defendant was accused of aiding and abetting, while the second was accused of murder. In his defense, the second accused the first of committing the murder. The second's defense was wholly antagonistic toward the first defendant. No such conflict is present in this case. The core of Mr. Parker's defense was that as a van driver he did not know he was

carrying cocaine. That contention does not contradict Mr. Gonzalez's defense in any substantial manner.

Nor has defendant shown that the district court abused its discretion by refusing him severance. The court specifically instructed the jury to give separate consideration to the case of each defendant," see Zafiro, 506 U.S. at 541, and was careful to prevent Ms. Gomez from testifying as to her interactions with defendant. Moreover, the government was specifically barred from asking Ms. Gomez whether she told defendant that he was transporting cocaine. Under these circumstances, we cannot conclude that the district court's denial of severance was "arbitrary, capricious or whimsical." United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987).

## III

Defendant's pretrial motion to dismiss for double jeopardy was premised on his earlier conviction under California law for "Possession of a False Compartment with the Intent to Transport a Controlled Substance," which arose from his original arrest in California. We review the district court's denial of this motion de novo. United States v. Rodriguez-Aguirre, 73 F.3d 1023, 1024-25 (10th Cir. 1996).

A defendant bears the burden of showing double jeopardy, id. at 1025, and Mr. Gonzalez cannot do so. Under the dual sovereignty doctrine, a defendant may

be prosecuted for a violation of federal law by the federal government following conviction in state court under state law for a crime arising out of the same acts or occurrences. See Abbate v. United States, 359 U.S. 187 (1959); see also United States v. Andersen, 940 F.2d 593, 596 (10th Cir. 1991). Defendant would have us ignore this law, but we are unable to do so.

IV

After pleading nolo contendere to the California charge, defendant was released on the basis of time served awaiting trial, and returned to Florida. Subsequently, he was approached outside his Florida residence by a group of three men: Trooper Darrell Pressnell from the Drug Enforcement Agency; Deputy Mike Crawford, also from the DEA; and Assistant United States Attorney, Blair Watson. In response to questioning by Trooper Pressnell, the defendant twice denied that he had recently been arrested in California. Eventually, Mr. Gonzalez admitted to his arrest, and the four men proceeded into the residence. At that point, Mr. Watson identified himself and stated that nothing the defendant said would be used against him.

At trial, the statements that were made to Trooper Pressnell by the defendant prior to the group's moving inside the residence were admitted into evidence. Defendant argues that such admission was erroneous for two reasons: first, that the conversation was protected as a "proffer" under Rule 410 of the

Federal Rules of Evidence; second, that as a confession, the court should have determined the voluntariness of the statement pursuant to 18 U.S.C. § 3501(a). We disagree.

We review the district court's determination that defendant's statements to Trooper Pressnell lay outside the protection of Rule 410 for clear error. See United States v. Hare, 49 F.3d 447, 450-51 (8th Cir. 1994) (denial of motion to suppress under Rule 410 reviewed for clear error); cf. United States v. McCullah, 76 F.3d 1087, 1100 (10th Cir. 1996) (subsidiary factual findings as to voluntariness of a confession reviewed for clear error). Neither Trooper Pressnell nor his companions suggested that their conversation with the defendant outside his residence was a proffer. Mr. Watson's statement that nothing the defendant said would be used against him was not made until after all four men had entered the residence. Prior to that point, Trooper Pressnell sought only to ascertain whether the defendant had recently been stopped and arrested in California. Such a conversation cannot amount to a "plea discussion" covered by Rule 410. Defendant provides no support for the proposition that because a later portion of his conversation with Pressnell, Crawford, and Watson was a proffer, the entire conversation must be treated as such. We therefore conclude that the district court committed no clear error in finding that plea discussions did not begin until after the parties entered the residence.

Finally, even assuming that the defendant's statements to Pressnell constituted a "confession" under 18 U.S.C. § 3501(e), the defendant failed to invoke his § 3501(a) right to a pre-trial voluntariness hearing pre-trial, and thereby waived his right to do so at trial and on appeal. See United States v. Miller, 987 F.2d 1462, 1464 (10th Cir. 1993). Although the district court may grant relief from a defendant's pre-trial waiver for cause, see id., none was shown in this case. The defendant seeks to show cause by arguing that the government convinced him his statements to Pressnell would only be used for purposes of impeachment. Consequently, he contends, he perceived no basis on which to object to their admission pre-trial. However, defendant's belief that Pressnell's testimony would only be used for impeachment purposes was based upon an erroneous understanding that the entire conversation fell within the terms of the proffer. Accordingly, we conclude that the district court did not abuse its discretion in refusing to examine the voluntariness of the defendant's statements to Pressnell.

V

In conclusion, none of defendant's arguments avail him. His motions for severance and judgment of acquittal were properly denied. He was not subjected to double jeopardy by his two separate prosecutions and convictions under state and federal law. Finally, defendant's conversation with Trooper Pressnell lies

-8-

outside the protection of Rule 410, and its voluntariness was not appropriately before the district court.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge