F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAY 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PHILLIP LEE,

Defendant-Appellant.

No. 96-2293
(D.C. No. CIV-96-101-SC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals the district court's denial of his motion to set aside his sentence pursuant to 28 U.S.C. § 2255. Defendant was convicted after a jury trial of conspiracy to commit bank robbery, bank robbery, and use of a firearm during a crime of violence. Judgment was entered on February 8, 1995, and defendant did not pursue a direct appeal. In November 1995, it came to light that the U.S. Attorney's Office in New Mexico had issued at least fifty-three subpoenas to witnesses under Fed. R. Crim. P. 17(a) to compel their attendance at ex parte pretrial interviews with the prosecution in at least eleven cases. After defendant received a copy of the letter from the U.S. Attorney's Office advising the court that the government had issued twenty-one such subpoenas in his case, defendant filed the present § 2255 motion.

Defendant argued that the government's misuse of the court's subpoena power violated the Fifth and Sixth Amendments, as well as Fed. R. Crim. P. 16, and that it constituted prosecutorial misconduct. Defendant also contended that the government may have violated the Jencks Act, 18 U.S.C. § 3500, if it obtained statements from witnesses who later testified at trial and did not disclose those statements to defendant, and that the government may have violated its duties under Brady v. Maryland, 373 U.S. 83 (1963), if it obtained exculpatory information during those interviews which it failed to disclose to defendant. In light of the government's allegedly unconstitutional conduct, defendant requested

-2-

that his conviction be set aside and the indictment be dismissed, or that he be granted a new trial. Defendant also requested an evidentiary hearing on his claims.

The district court adopted the report and recommendation of the magistrate judge, after considering the lengthy objections filed by defendant, and denied relief. Because defendant had not brought his claims on direct appeal, the district court held that he would have to establish either cause and prejudice for his default, or that a fundamental miscarriage of justice would occur if his claims were not addressed. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). The court concluded that defendant had established cause, because he did not learn of the government's improper use of the court's subpoena power until the time for appeal had passed. The court then considered whether defendant could establish actual prejudice.

In considering the prejudice prong, the court applied the harmless error standard under Brecht v. Abrahamson, 507 U.S. 619, 638-39 (1993), and Kotteakos v. United States, 328 U.S. 750, 765-66 (1946). Accordingly, the court considered whether it had a "grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." Tuttle v. Utah, 57 F.3d 879, 884 (10th Cir. 1995) (quotation and emphasis omitted). The court concluded that defendant's conclusory allegations

were not sufficient to meet this standard, and that the government's improper use of Rule 17 subpoena power was harmless error. Because defendant had failed to establish both cause and prejudice, the court held that his claims were procedurally barred.

Defendant raises three challenges to the district court's order on appeal: (1) the court erred in applying the cause and prejudice standard because defendant's failure to raise the claims on direct appeal did not constitute a procedural default; (2) the court did not give defendant a sufficient opportunity to respond after sua sponte raising the issue of procedural default; and (3) the court erred in concluding that defendant did not make a sufficient showing of prejudice. We address each of defendant's arguments in turn.

Defendant maintains that he did not procedurally default his claims by failing to raise them on direct appeal because, like claims of ineffective assistance of counsel, his claims were not amenable to being raised on direct appeal. Twice before, we have addressed the misuse of the district court's subpoena power by the U.S. Attorney's Office in New Mexico. In each of these cases, the defendant raised the challenge on direct appeal. See United States v. Villa-Chaparro, 115 F.3d 797, 798, 804-05 (10th Cir. 1997); United States v. Ventura, No. 96-2148, 1997 WL 774750, at **1, **3-**4 (10th Cir. Dec. 17, 1997). Likewise, other courts have addressed challenges to the government's misuse of Rule 17 subpoena

power on direct appeal.  See, e.g., United States v. Keen, 509 F.2d 1273, 1274-75 (6th Cir. 1975); United States v. Hedge, 462 F.2d 220, 221, 222-23 (5th Cir. 1972); United States v. Standard Oil Co., 316 F.2d 884, 886-87, 897 (7th Cir. 1963).  Therefore, we are not persuaded by defendant's argument that claims such as those raised in his § 2255 motion are not of the type that can be adequately raised on direct appeal.

Turning to defendant's second challenge, we begin with the well-established premise that a court may sua sponte raise the defense of procedural default when a § 2255 movant has failed to raise an issue on direct appeal.  See Hines v. United States, 971 F.2d 506, 507-09 (10th Cir. 1992).  If the court chooses to raise the defense sua sponte, however, it "must generally afford the movant an opportunity to respond to the defense." Id. at 509.  Here, the magistrate judge raised the defense sua sponte in his report and recommendation. The district court then gave defendant forty days to file objections to the magistrate judge's report, which defendant did.  Included in defendant's objections was a discussion of how he had demonstrated prejudice arising from the government's misuse of the Rule 17 subpoena power.  Thus, the district court gave defendant ample opportunity to respond to the procedural default defense before dismissing his § 2255 petition.  See id. at 507, 509 (affirming dismissal

where magistrate judge sua sponte raised procedural default and district court gave defendant opportunity to respond).

Finally, defendant contends that the district court erred in concluding that he had not demonstrated actual prejudice and, therefore, could not overcome the procedural default. We agree with the district court that defendant's conclusory statements are not enough to establish prejudice. The evidence was overwhelming that defendant participated in the bank robbery, and defendant has not made any specific allegations which, if true, would create a grave doubt about whether the prosecution's misuse of the court's subpoena power "had substantial and injurious effect or influence in determining the jury's verdict." Tuttle, 57 F.3d at 884 (quotation and emphasis omitted).

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge