**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEBBIE MCDONALD,

Defendant-Appellant.

No. 96-2295

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-96-192-SC)

---

Submitted on the briefs:

John J. Kelly, United States Attorney, and Gregory J. Fouratt, Assistant U.S. Attorney, Las Cruces, New Mexico, for Plaintiff-Appellee.

Dennis W. Montoya, Rio Rancho, New Mexico, for Defendant-Appellant.

---

Before **BRORBY** , **BARRETT** , and **BRISCOE** , Circuit Judges.

---

**BRISCOE** , Circuit Judge.

Debbie McDonald appeals the district court's denial of her motion to vacate, set aside, or correct her sentence filed pursuant to 28 U.S.C. § 2255. [1] McDonald asserted two grounds for relief in her motion: (1) the government misused the court's subpoena power under Fed. R. Crim. P. 17(a) to compel witnesses' attendance at ex parte pretrial interviews; and (2) the evidence was insufficient to convict her of using or carrying a firearm during and in relation to a crime of violence, in light of the Supreme Court's opinion in Bailey v. United States, 516 U.S. 137 (1995), narrowing the definition of "use."

On May 19, 1994, McDonald, her son, Phillip Lee, and her boyfriend, Michael McLeod, robbed the Sunwest Bank in Las Cruces, New Mexico. McDonald did not actually enter the bank, but she did assist with various preparations for the robbery, and she drove the getaway car. During the robbery, McLeod handed one of the tellers a note demanding money and warning her she would die if she did not cooperate. McLeod then drew the teller's attention to a semi-automatic handgun he was pointing at her. Lee, who was not armed, handed a similar demand note to another teller. Not long after they fled the bank, the three stopped at a truck stop, where McDonald was apprehended by police

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

when she stepped from the car. Both Lee and McLeod were subsequently ordered from the car, but only Lee complied. As he was getting out of the car, Lee heard a gunshot and turned to find that McLeod had shot himself in the head with his gun. The shot proved fatal.

McDonald and Lee were charged in a three-count indictment with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). On the latter two counts, McDonald and Lee also were charged on an aiding and abetting theory, pursuant to 18 U.S.C. § 2. A jury convicted them of all three counts in September 1994. McDonald did not appeal the convictions or sentences.

In January 1996, Lee filed a motion seeking § 2255 relief on the basis of recently discovered prosecutorial misconduct involving the use of court subpoenas to compel the attendance of numerous witnesses at ex parte, pretrial interviews. McDonald subsequently filed the present § 2255 motion, in which she incorporated by reference all the arguments advanced by Lee concerning the government's misuse of subpoenas. Likewise, on appeal, McDonald simply incorporates by reference the arguments advanced by Lee in his own appeal of the denial of § 2255 relief.

We have already ruled on the issues raised by Lee, and we have affirmed the district court's denial of § 2255 relief based on the government's misuse of subpoenas.  See United States v. Lee, No. 96-2293, 1998 WL 292388 (10th Cir. May 28, 1998) (unpublished order and judgment).  Because McDonald's claim is identical to Lee's, it fails for the same reasons.  Thus, we conclude (1) the district court did not err in raising the issue of procedural default sua sponte in light of McDonald's failure to raise her claim on direct appeal; (2) the district court gave McDonald an adequate opportunity to establish cause for her default and prejudice; and (3) McDonald did not establish actual prejudice so as to overcome the procedural default.  We turn, then, to her challenge to the firearms conviction.

A year after McDonald's conviction, the Supreme Court issued its opinion in Bailey v. United States, in which it held a conviction for "use" of a firearm under 18 U.S.C. § 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."  516 U.S. at 143.  In the § 2255 proceedings in district court, McDonald argued there was insufficient evidence to convict her as a principal under § 924(c)(1) because she never had possession or control of the gun and she did not actively employ the gun in any fashion.  She also contended she could not be held liable as an aider and abetter

-4-

in the § 924(c)(1) violation because the evidence did not establish that she knew a gun would be used or carried in the commission of the bank robbery.

Although McDonald did not directly challenge the jury instructions in her § 2255 motion, the district court began its analysis by acknowledging that the instruction the jury received on the elements of "use" of a firearm, while correct under Tenth Circuit law at the time of trial, was not legally correct in light of Bailey.[2]  The court concluded, however, that the instructional error was harmless,

---

[2]     The jury was instructed as follows:

Count III of the Indictment charges the Defendants with violating 18 U.S.C. § 924(c)(1) which makes it a crime to carry and use a firearm during and in relation to a crime of violence.

For you to find either Defendant guilty of the crime of carrying and using a firearm during and in relation to a crime of violence, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that Defendant:

First, that the Defendant committed the crime alleged in Count I.  I instruct you that bank robbery is a crime of violence; and

Second, that the Defendant knowingly used or carried a firearm during and in relation to the Defendant's commission of the crime alleged in Count I.

The government is not required to prove the Defendant actually fired the weapon or brandished it at someone in order to prove "use," as that term is used in this instruction.  A Defendant "uses" a firearm, for purposes of § 924(c)(1), when he or she has ready access to the firearm, when the firearm was an integral part of the commission of the crime of violence, and when the firearm's

(continued...)

-5-

because "a properly instructed jury would have convicted Defendant of using and carrying a firearm," based on the evidence presented. R. Vol. I, Doc. 18 at 4. The court also concluded that, because Bailey did not change the law of aiding and abetting, McDonald had procedurally defaulted her challenge to accomplice liability based on her lack of knowledge of the gun by not raising the issue on direct appeal. In the present appeal, McDonald challenges both the instructional error and the sufficiency of the evidence in connection with her firearms conviction.

In United States v. Holland, 116 F.3d 1353, 1355 (10th Cir.), cert. denied, 118 S. Ct. 253 (1997), we considered a defendant's argument, raised for the first time in § 2255 proceedings, that his conviction for using or carrying a firearm under § 924(c)(1) was invalid because an erroneous construction of "use" was used at trial. We began by noting that, while "Bailey applies retroactively to cases on collateral review," id., "a federal prisoner who has defaulted the claim he seeks to assert in a section 2255 motion must ordinarily show cause for his

---

[2](...continued)
availability increased the likelihood that the crime of violence would succeed.

> The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

Supp. R. Vol. I, Instruction 13.

default and actual prejudice resulting from the error he asserts," id. at 1356.

We further noted, however, that

> [a] petitioner has cause for having failed to raise a claim when it had no reasonable basis in existing law, a standard satisfied when a Supreme Court decision overturns a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near-unanimous body of lower court authority has expressly approved.

Id. (quotations omitted). We concluded that the defendant had established cause for not raising his claim in his earlier direct appeal because all of the constructions of "use" adopted by the circuits at that time were less stringent than that of Bailey, and the facts of the case would have constituted "use" under almost all of them.[3] Id.

---

[3] The Supreme Court's recent opinion in Bousley v. United States, 118 S. Ct. 1604 (1998), calls into doubt Holland's determination that the defendant had cause for not raising his challenge to the "use" instruction on direct appeal. In Bousley, the petitioner contended in collateral proceedings that his guilty plea to using a firearm was not knowing and voluntary because the district court did not provide him with correct information about the elements of "use" at the plea colloquy. Id. at 1608, 1611. The petitioner attempted to establish cause for his failure to raise the Bailey-based challenge on direct appeal, by arguing (1) "the legal basis for his claim was not reasonably available to counsel at the time of his plea," and (2) "before Bailey, any attempt to attack [his] guilty plea would have been futile." Id. at 1611 (quotations omitted). The Court rejected the petitioner's argument that his claim was novel, noting that "at the time of petitioner's plea, the Federal Reporters were replete with cases involving challenges to the notion that 'use' is synonymous with mere 'possession.'" Id. The Court also rejected the petitioner's argument that it would have been futile to raise the claim before Bailey, noting that "'futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'" Id.

(continued...)

We then considered whether the defendant could establish actual prejudice from the erroneous jury instruction. We held that the instructional error would be harmless if the jury, in reaching its verdict, necessarily made all the findings required to support a proper conviction. Id. at 1358; see also California v. Roy, 519 U.S. 2, ___, 117 S. Ct. 337, 339-40 (1996) (Scalia, J., concurring) ("The error . . . can be harmless only if the jury verdict on other points effectively embraces this [element] or if it is impossible, upon the evidence, to have found what the verdict did find without finding this point as well."). "The essential inquiry is whether the jury's verdict, under the instructions given and the nature of the evidence, . . . was the functional equivalent of . . . a finding [of all the elements of either a "use" or a "carry" violation]." Holland, 116 F.3d at 1359 n.4. We ultimately concluded that the instructional error was harmless and, therefore, that the defendant could not establish actual prejudice as a result of the erroneous "use" instruction. Id. at 1359.

Here, as in Holland, we conclude that even if McDonald could establish cause for failing to raise the Bailey error on direct appeal, she has not established actual prejudice.[4] The § 924(c)(1) instruction given the jury, while legally

_____

[3](...continued)
(quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)) (further quotation omitted).

[4]      Because we conclude that McDonald cannot establish prejudice, we
(continued...)

improper in some respects and incomplete in others, did require the jury to find the use or carrying of the firearm was done during and in relation to a crime of violence.  Missing from the instruction was a requirement that the jury also find "active employment of the firearm" to convict McDonald of using a firearm, Bailey, 516 U.S. at 143 (emphasis omitted), or a requirement that the jury also find "possession of the firearm through dominion and control, and transportation or movement of the weapon" to convict McDonald of carrying a firearm, United States v. Richardson, 86 F.3d 1537, 1548 (10th Cir. 1996).  The jury's guilty verdict on Count II for armed bank robbery, however, necessarily embraced the missing elements.

To find McDonald guilty of armed bank robbery, the jury had to find she, as either a principal or an accomplice,[5] took money in the possession of a bank from a person "by means of force, violence, or intimidation," and she "assaulted any person or put in jeopardy the life of any person by the use of a dangerous

---

[4](...continued)
need not determine whether Bousley has effectively overruled Holland's cause determination.  See supra note 3 and accompanying text.

[5]    To convict McDonald under an aider and abetter theory for either the armed bank robbery or the firearm offense, the jury was instructed McDonald had to "deliberately associate . . . herself in some way with the crime and participate in it with the intent to bring about the crime."  Supp. R. Vol. I, Instruction 14 at 1-2.  The jury was further instructed it had to find beyond a reasonable doubt that every element of the offense was committed by one or more persons and that McDonald "voluntarily participated in their commission with the intent to violate the law."  Id. at 2.

weapon or device while engaged in taking the money." Supp. R. Vol. I, Instruction 12 at 1. The jury was further instructed:

> [t]he phrase "assaults any person" means a deliberate attempt to inflict bodily harm or injury upon the person of another. An assault may be committed without actually striking or injuring another person. An assault occurs whenever one person makes a threat to injure someone else and also has an apparent, present ability to carry out the threat such as by flourishing or pointing a dangerous weapon or device at another.

Id. at 1-2.

McDonald has not challenged either the instruction given the jury on armed bank robbery or the sufficiency of the evidence to support her conviction for that offense. Based upon the evidence and the instructions, we conclude the jury could not have found McDonald guilty of armed bank robbery without also finding that McLeod possessed the gun, carried it into the bank, and actively employed the gun, and that McDonald aided and abetted McLeod in those activities. Because the jury's verdict incorporated all the findings necessary to support a conviction for using or carrying a firearm during and in relation to a crime of violence, we conclude the error in the jury instruction was harmless and, therefore, McDonald has not established actual prejudice.

We turn, then, to McDonald's challenge to the sufficiency of the evidence to convict her of the firearms offense. We review de novo the sufficiency of the evidence to support McDonald's conviction. See United States v. Dashney,

-10-

117 F.3d 1197, 1202 (10th Cir. 1997). In conducting our review, "we examine the evidence in the light most favorable to the government in order to determine whether the evidence . . . together with all reasonable inferences to be drawn therefrom, is substantial enough to establish guilt beyond a reasonable doubt." United States v. Wacker, 72 F.3d 1453, 1462 (10th Cir. 1995) (quotation omitted) (alteration in original).

Under an aiding and abetting theory of liability, any person who "aids, abets, counsels, commands, induces, or procures" the commission of a crime is punishable as a principal. 18 U.S.C. § 2(a).

> To be guilty of aiding and abetting a crime, the defendant must willfully associate himself with the criminal venture and seek to make it succeed through some action on his part. The government must prove more than mere presence at the scene of the crime even if coupled with knowledge that the crime is being committed. However, participation may be established by circumstantial evidence, and the evidence may be of relatively slight moment.

United States v. Esparsen, 930 F.2d 1461, 1470 (10th Cir. 1991) (citation and quotations omitted). As the district court correctly noted, the Supreme Court's opinion in Bailey did not purport to alter the law governing aider and abetter liability for violations of § 924(c)(1). The Bailey opinion merely altered the legal interpretation of the statutory term "use" by giving it a more narrow definition than previously used by this and other courts.

-11-

The evidence here establishes McLeod both used and carried the gun in the commission of the bank robbery, and McDonald does not really dispute those facts. Instead, she contends she cannot be held liable for McLeod's use or carrying of the gun because she was not a knowing participant in either activity. We agree with the district court that McDonald could, and should, have raised this challenge on direct appeal and her failure to do so constitutes procedural default. Moreover, the evidence before the jury was more than sufficient to establish McDonald's knowledge that McLeod would carry and use the gun during the commission of the bank robbery. Therefore, the district court properly denied McDonald's challenge to the sufficiency of the evidence to convict her under 18 U.S.C. § 924(c)(1).

AFFIRMED.