**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GUILLERMO GONZALEZ a/k/a
"Guillie",

    Defendant - Appellant.

No. 98-3106

(97-CV-3488)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining Defendant-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant, proceeding pro se and *in forma pauperis*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction and sentence. Following a jury trial, Defendant was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. On direct appeal, Defendant claimed three errors: (1) the court denied him severance and judgment of acquittal; (2) the court denied dismissal for double jeopardy; and (3) the court allowed an involuntary proffer into evidence. We rejected each argument and affirmed Defendant's conviction. See United States v. Gonzalez, 105 F.3d 670 (10th Cir. 1997) (Table).

In his motion filed pursuant to 28 U.S.C. § 2255, Defendant claimed that (1) the evidence was insufficient to convict him; (2) he was actually innocent; (3) the criminal history level used at sentencing was erroneous; and (4) the presentence report contained errors. Finding each claim to be without merit, the district court denied the motion.[1] The court subsequently denied Defendant a certificate of appealability. Defendant seeks to appeal the denial of his motion and requests a certificate of appealability from this court. Because we construe

---

[1]Generally, we may not consider issues in a section 2255 motion that could have been raised on direct appeal unless the defendant can show cause and prejudice resulting from the error. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995); United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Because the government failed to raise this defense and the district court addressed the merits of Defendant's motion, the issue has been waived. See United States v. Hall, 843 F.2d 408, 409-10 (10th Cir. 1988). Although we may raise the question of procedural bar sua sponte, see Hines v. United States, 971 F.2d 506, 509 (10th Cir. 1992), we elect not to do so here because Defendant's claims fail to meet the standard for a certificate of appealability.

Defendant's Motion for Certificate of Appealability, which was filed within thirty days of the district court's order denying his motion, as a notice of appeal, we exercise jurisdiction. See Smith v. Barry, 502 U.S. 244, 248-49 (1992); see also Ray v. Cowley, 975 F.2d 1478, 1479 (10th Cir. 1992) (holding that an application for certificate of probable cause identifying the parties to the appeal and the district court order appealed from was functional equivalent of a notice of appeal); Knox v. Wyoming, 959 F.2d 866, 867 (10th Cir.1992) (same).

To proceed on appeal under section 2255, Defendant must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). We will issue a certificate of appealability only if Defendant "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). In his brief, Defendant claims that his due process rights were violated on two bases: (1) there was no evidence to support his conviction for conspiracy; and (2) there are errors in the presentencing report which require an evidentiary hearing. A claim of insufficiency of evidence may be presented in a motion pursuant to 28 U.S.C. § 2255. See, e.g., United States v. McDonald, 150 F.3d 1301, 1305 (10th Cir. 1998); cf. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (confirming that section 2255 motion is proper remedy for attacking the legality of the judgment and sentence). However, because we agree with the district court that the record does not support Defendant's insufficiency of evidence claim, we conclude that he has not made a substantial

showing of the denial of a constitutional right.

For two reasons, Defendant's second claim also fails to meet the standard for issuance of a certificate of appealability. First, in light of our review of the record, most of the alleged errors in the presentence report are not, in fact, errors but represent Defendant's misreading or misunderstanding of the report. Second, the single error that Defendant correctly identifies, the misnaming of one person, is inconsequential and has no bearing on Defendant's due process rights. We therefore deny Defendant a certificate of appealability and dismiss his appeal.

DENIED and DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge