**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

JOHN TACKLES,

　　　　Defendant-Appellant.

No. 02-8114
(D.C. No. 02-CV-67-J and
99-CR-72-J)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **PORFILIO**, Circuit Judges.

　　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

　　　　This is a *pro se* 28 U.S.C. § 2255 prisoner appeal. Mr. Tackles pled guilty

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to possession with intent to deliver methamphetamine. The offense was committed while he was on probation for an earlier state burglary conviction. The State revoked Mr. Tackles' probation, and the federal court sentenced him to 121 months of imprisonment. This sentence was later reduced to 92 months, to run concurrently with his state sentence.

On February 11, 2002, Mr. Tackles filed a motion to correct and modify his sentence. He requested that his federal sentence be adjusted to reflect credit for time he had already served on his state sentence. The district court denied that motion. On March 22, 2002, Mr. Tackles filed a motion to reconsider, asking that his February 11, 2002, motion be construed as a § 2255 motion. On April 11, 2002, he also filed a separate § 2255 motion in which he alleged ineffective assistance of counsel, claiming that his attorney had failed to understand the guidelines that authorized concurrent sentences. The district court denied both the March 22 and April 11 motions. Mr. Tackles then filed a motion requesting that the district court issue a certificate of appealability, which the district court denied. This appeal followed.[1]

---

[1] The district court dismissed Defendant's § 2255 motion on April 26, 2002. Pursuant to Fed. R. App. P. 4(a)(1)(B), Defendant had sixty days in which to file a notice of appeal. See Rule 11 of the Rules Governing § 2255 Proceedings. On June 10, 2002, Defendant filed a motion for a certificate of appealability, which we construe as a notice of appeal. See United States v. Gonzalez, 1998 WL 847638, at * *1 (10th Cir. Dec. 8, 1998) (unpublished). Accordingly, Defendant's
(continued...)

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473,The district court dismissed Defendant's § 2255 motion on April 26, 2002. Pursuant to Fed. R. App. P. 4(a)(1)(B), Defendant had sixty days in which to file a notice of appeal. See Rule 11 of the Rules Governing § 2255 Proceedings. On June 10, 2002, Defendant filed a motion for a certificate of appealability, which we construe as a notice of appeal. See United States v. Gonzalez, 1998 WL 847638, at * *1 (10th Cir. Dec. 8, 1998) (unpublished). Accordingly, Defendant's motion, filed within sixty days of the district court's order, was timely. 484 (2000) (citations and internal quotations omitted).

Mr. Tackles claims that he should be given credit for time served for his state conviction since his federal sentence is to run concurrent with the state sentence. However, Mr. Tackles has made no showing that the Bureau of Prisons incorrectly determined his prior custody credit as explained in 18 U.S.C. §

---

[1] (...continued)
motion, filed within sixty days of the district court's order, was timely.

3585(b) or U.S.S.G. § 5G1.3(c). Mr. Tackles' federal sentence was properly ordered to run concurrently with the undischarged portion of his state sentence. Mr. Tackles' state offense was not taken into account in the determination of the offense level for the federal offense. Therefore, there is no provision in the Guidelines or the statute for credit to be awarded for time already served under the state sentence.

Mr. Tackles also claims that he was prejudiced by the ineffective assistance of his counsel. Specifically, he argues that his attorney failed to object to the sentence imposed and failed to identify the availability of credits for time served on the state sentence. As there was no error in the imposition of the sentence and the determination of credits, Mr. Tackles has made no showing of prejudice due to the alleged ineffective assistance of his counsel.

We have carefully reviewed Mr. Tackles' brief, the record on appeal, and the disposition of the district court. Nothing in the facts, the record on appeal, or Mr. Tackles' brief raises an issue which meets our standards for the grant of a certificate of appealability. We conclude that for substantially the same reasons as set forth by the district court in its Order of March 6, 2002, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id.

We DENY Petitioner's request for a certificate of appealability and

DISMISS the appeal. Appellant's motion to proceed *in forma pauperis* on appeal

is GRANTED.

Entered for the Court


Monroe G. McKay
Circuit Judge