**Ray KNOX, Petitioner–Appellant,**

v.

**The STATE OF WYOMING,
Respondent–Appellee.**

No. 91–8061.

United States Court of Appeals,
Tenth Circuit.

March 20, 1992.

Ray Knox, pro se.

Paul S. Rehurek, Senior Asst. Atty. Gen., State of Wyo., Cheyenne, Wyo., for respondent-appellee.

Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Petitioner-appellant appeals the denial of his habeas corpus petition, 28 U.S.C. § 2241, challenging the validity of a state detainer (Wyoming) filed against him at the federal penitentiary in Leavenworth, Kansas. Petitioner claims that art. IV(c) of the Interstate Agreement on Detainers Act (IADA), 18 U.S.C.A.App., was violated because he was not brought to trial within 120 days of his arrival in Wyoming. The district court dismissed the petition for failure to exhaust state remedies and denied a certificate of probable cause and leave to proceed on appeal in forma pauperis.

## I.

■ Within thirty days of the district court's September 6, 1991 order denying his habeas petition, Petitioner simultaneously filed his notice of appeal and a motion for reconsideration of the judgment, ostensibly pursuant to Fed.R.Civ.P. 60(b). Petitioner also filed motions for a certificate of probable cause and to proceed in forma pauperis on appeal. The district court denied all pending motions the next day, September 17, 1991. On September 26, 1991, Petitioner filed his "Application for Certificate of Probable Cause to Appeal" in the court of appeals.

The government contends that we lack jurisdiction over Petitioner's appeal. Though styled a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b), Petitioner's motion was in reality a motion to alter or amend the judgment pursuant to Fed. R.Civ.P. 59(e) because it was filed within ten days of the judgment. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991). Because the notice of appeal was filed before the district court resolved the Rule 59(e) motion, the notice of appeal was of no effect. Fed.R.App.P. 4(a)(4); *Dalton v. First Interstate Bank,* 863 F.2d 702, 704 (10th Cir.1988). Petitioner did not file another notice of appeal in district court subsequent to the denial of his Rule 59(e) motion. But he did file an application for a certificate of probable cause in this court on September 26, 1991, identifying the parties to the appeal and the district court order appealed from. *See* Fed. R.App.P. 3(c) (contents of a notice of appeal).

Resolution of the jurisdictional issue is controlled completely by *Smith v. Barry,* —— U.S. ——, 112 S.Ct. 678, 682, 116 L.Ed.2d 678 (1992), in which the Supreme Court held that an informal brief filed with the Court of Appeals within the Fed. R.App.P. 4 time limits constitutes a valid notice of appeal. Recognizing that an application for a certificate of probable cause may serve as a notice of appeal,[1] we treat the pro se application for a certificate of probable cause as a misfiled[2] notice of

---

**1.** *Smith,* 112 S.Ct. at 682 (notice afforded by document, rather than its apparent purpose, determines whether document is sufficient to serve as a notice of appeal; "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal"). *See also Hoover v. United States,* 268 F.2d 787, 788 (10th Cir.1959) (petition to proceed in forma pauperis which was filed within the time to file an appeal was sufficient to confer appellate jurisdiction). We join those circuits holding that a pro se application for a certificate of probable cause filed within the time limits of Fed.R.App.P. 4(a) may serve as a notice of appeal. *Turner v. Armontrout,* 922 F.2d 492, 493 (8th Cir.1991); *Tinsley v. Borg,* 895 F.2d 520, 523 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991); *Thames v. Dugger,* 848 F.2d 149, 150 (11th Cir.1988); *McMillan v. Barksdale,* 823 F.2d 981, 982–83 (6th Cir.1987); *Stevens v.*

*Heard,* 674 F.2d 320, 322 (5th Cir.1982); *Fitzsimmons v. Yeager,* 391 F.2d 849, 853 (3d Cir.), *cert. denied,* 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968).

**2.** Fed.R.App.P. 3(a) requires appellants to file a notice of appeal with the district court. The Advisory Committee's note to Rule 3 indicates that the rule incorporated the holding in *Richey v. Wilkins,* 335 F.2d 1, 4–5 (2d Cir.1964), that a timely pro se notice of appeal filed in the court of appeals will confer appellate jurisdiction. *See* Report of Committee on Rules of Practice and Procedure, 43 F.R.D. 119, 123, 126 (1967). This was made explicit with the 1979 amendment to Fed.R.App.P. 4(a)(1) which provides:

If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of

appeal and consider the merits of the appeal.

## II.

 Petitioner is serving a five-year federal sentence, but was returned to Wyoming pursuant to the IADA to be retried on a conspiracy to commit murder charge. *See Jones v. State,* 777 P.2d 54, 61 (Wyo. 1989) (reversing conviction of Petitioner and his codefendant and remanding for retrial). Petitioner's codefendant was retried and convicted. Petitioner then pleaded guilty to a lesser offense, with the understanding that the judgment would be deferred until the codefendant's appeal was decided by the Wyoming Supreme Court. The codefendant's appeal contained a presumably similar IADA claim. Petitioner also was allowed to petition the Wyoming Supreme Court for a writ of certiorari to review the state district court's denial of his IADA claim.

The Wyoming Supreme Court denied the petition, and decided the codefendant's appeal adversely. *Jones v. State,* 813 P.2d 629, 631–32 (Wyo.1991). The State represents that a judgment has yet to be entered against Petitioner; he has yet to be sentenced and appeal directly his IADA claims. Appellee's Answer Brief at 5. We agree with the district court that Petitioner has failed to exhaust his state remedies.[3] *See Martens v. Shannon,* 836 F.2d 715, 716–18 (1st Cir.1988); *Dickerson v. Louisiana,* 816 F.2d 220, 224–29 (5th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Cain v. Petrovsky,* 798 F.2d 1194, 1195 (8th Cir.1986). Petitioner merely seeks to litigate a federal defense to a criminal charge prematurely in federal court; no special circumstances excuse Petitioner from the exhaustion requirement. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 488–93, 93 S.Ct. 1123,

1126–29, 35 L.Ed.2d 443 (1973). Wyoming should be allowed to resolve Petitioner's federal claims in the first instance.

Petitioner's request to proceed in forma pauperis is GRANTED. However, Petitioner has failed to make a substantial showing of the denial of a federal right, *see Lozada v. Deeds,* —— U.S. ——, 111 S.Ct. 860, 861–62, 112 L.Ed.2d 956 (1991); thus, Petitioner's request for a certificate of probable cause, 28 U.S.C. § 2253, is DENIED, and the appeal is DISMISSED.

SO ORDERED.

---

the district court and it shall be deemed filed on the date so noted.

9 James W. Moore, Bernard J. Ward & Jo D. Lucas, *Moore's Federal Practice* ¶ 204.01[3] (1991). *See also Smith,* 112 S.Ct. at 682 (rejecting argument that timely filing of a functional notice of appeal in the court of appeals is insuf-

ficient; Fed.R.App.P. 4(a)(1) plainly envisions such a contingency).

**3.** We note that Petitioner asserts that his claim is different than that of the codefendant. *See* Appellant's Brief at 2. This asserted difference also supports dismissal to allow Wyoming to address petitioner's federal claims.