**1478**

Larry K. Ray, pro se.

Wellon B. Poe, Asst. Atty. Gen. for the State of Okl., Oklahoma City, Okl., for respondents-appellees.

Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Respondents-appellees have moved to dismiss Petitioner's appeal from the denial of his pro se habeas corpus petition, 28 U.S.C. § 2254, for lack of jurisdiction. Respondents contend that we are without jurisdiction because Petitioner's notice of appeal was untimely. *See* 28 U.S.C. § 2107 (notice of appeal in civil case must be filed within thirty days after date of entry of judgment or order); Fed.R.App.P. 4(a)(1) (same). *See also Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978) ("30–day time limit is 'mandatory and jurisdictional'"). We disagree.

 The district court's order denying the petition was filed on December 30, 1991. On January 23, 1992, Petitioner submitted documents entitled "Application for

---

**Larry K. RAY, Petitioner–Appellant,**

v.

**Jack COWLEY; Attorney General of the State of Oklahoma, Respondents–Appellees.**

No. 92–6057.

United States Court of Appeals, Tenth Circuit.

Sept. 24, 1992.

Certificate of Probable Cause and Appointment of Counsel" and "Pro Se Docketing Statement" to prison mail personnel for mailing to the district court. In his "Application," which included a caption identifying the parties, Petitioner requested the district court "to issue a certificate of probable cause ... so that he may appeal the denial of his writ of habeas corpus." The district court clerk returned the "Application" and "Docketing Statement" to Petitioner, which he received on January 31, 1992, stating that he had not filed a notice of appeal. On February 7, 1992, Petitioner's "Notice of Appeal" was filed in the district court along with the "Application" and "Docketing Statement."

In *Knox v. Wyoming*, 959 F.2d 866 (10th Cir.1992), we held that an "Application for Certificate of Probable Cause to Appeal," identifying the parties to the appeal and the district court order appealed from, that was filed in this court within the thirty-day period, served as a notice of appeal. *Id.* at 867. *See also Smith v. Barry,* —— U.S. ——, ——, 112 S.Ct. 678, 680, 116 L.Ed.2d 678 (1992) (document intended to serve as appellate brief filed in court of appeal was effective as a notice of appeal). "[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." *Smith,* —— U.S. at ——, 112 S.Ct. at 682. *See also* Fed.R.App.P. 3(c) (notice of appeal must specify the parties, designate the judgment or order appealed from, and name the court to which the appeal is taken).

■ Petitioner's "Application" identified the parties and the order that he sought to appeal, and indicated his intent to take an appeal to this court. *See Senjuro v. Murry,* 943 F.2d 36, 37 (10th Cir.1991) (per curiam) (pro se prisoner's letter to district court indicating his desire to appeal could be treated as "functional equivalent" of notice of appeal). Accordingly, Petitioner's "Application" was the functional equivalent of a notice of appeal. *See Smith,* —— U.S. at ——, 112 S.Ct. at 682; *Knox,* 959 F.2d at 867. Moreover, Petitioner submitted the "Application" to prison officials for mailing twenty-four days after the district court filed the order denying his petition; therefore, Petitioner's functional equivalent of a notice of appeal was timely filed. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (pro se prisoner's notice of appeal deemed filed when delivered to prison authorities for forwarding to district court). Finally, the district court's failure to accept the filing of Petitioner's "Application" does not jurisdictionally bar Petitioner from pursuing the present appeal. The district court clerk's literal reliance on the title of the document is inconsistent with the liberal construction afforded to pro se papers and would permit the district court to arbitrarily deny appellate jurisdiction that is otherwise proper under the rules announced in *Smith* and *Knox.* Petitioner's "Application" satisfied the requirements of Fed. R.App.P. 3(c); accordingly, our jurisdiction is proper under 28 U.S.C. § 1291.

Respondents motion to dismiss the appeal for lack of jurisdiction is DENIED.