993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darryl Stephen MARTIN, Plaintiff-Appellant,
v.
Richard WATSON, Roberta Melton, and Brent Brown,
individually and in official capacities as prison
officials, Defendants-Appellees.
 No. 93-1040.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Darryl Martin appeals the dismissal of his complaint alleging various violations of his civil rights and state law causes of action during his present incarceration at the Limon Correctional Facility in Limon, Colorado. The district court accepted the Recommendation of the United States Magistrate Judge, concluding Mr. Martin had failed to state a claim that is either cognizable or actionable under 42 U.S.C. § 1983. Giving each of Mr. Martin's allegations a liberal and expansive reading, we are constrained in our review to find a viable claim under 42 U.S.C. § 1983 and, therefore, affirm the dismissal.
 
 
 3
 Mr. Martin's suit arises out of an incident that occurred while he was working at the Limon Garment Factory in the Limon Correctional Facility. Another inmate, Dennis Ginn, stepped into Mr. Martin's work area wearing a facsimile of the white robe and hood associated with the Ku Klux Klan. Mr. Martin, an African American, was startled and upset by the appearance. Dennis Ginn is white. Two other white workers in the same office responded with "laughter, raucous banter and gesticulations directed solely" at Mr. Martin, he alleged. The African American supervisor in the office, Richard Watson, did not respond to Mr. Martin's subsequent plea for censure. Later, however, Mr. Watson reprimanded Ginn, who apologized to him and Mr. Martin.
 
 
 4
 His administrative remedies exhausted, Mr. Martin filed this pro se complaint in federal court attempting to state a claim under 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1981, 1988, and 1986. Based on the parties' submissions, the Magistrate Judge found Mr. Martin had failed to rebut the facts in the Martinez report and concluded the facts as presented did not demonstrate (1) the challenged conduct was committed by someone acting under color of state law and (2) the conduct resulted in a deprivation of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 5
 While decrying the presence of any racist words or conduct in a correctional facility from whatever source, the Magistrate Judge concluded Ginn did not act under any state authority nor was any scenario presented in which prison officials authorized or validated the action. The Magistrate Judge found the incident was unexpected and isolated, but correctional officials responded with administrative action.
 
 
 6
 Like the district court, we do not condone and will not tolerate the presence of racial venom in any public institution. Neither does the law. Nevertheless, § 1983 redresses official action in which public officers violate clearly established constitutional rights. Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir.1992). Read in the light most favorable to Mr. Martin and with all inferences liberally construed to his benefit, Haines v. Kerner, 404 U.S. 519 (1972); Ray v. Cowley, 975 F.2d 1478 (10th Cir.1992), the complaint reveals the conduct of individuals who acted, however reprehensibly, only as individuals. The complaint fails to show these private individuals were jointly engaged with state officials in the challenged action, obtained significant aid from prison officials, or the private conduct was in some other way chargeable to the state. Lee v. Town of Estes Park, Colo., 820 F.2d 1112, 1114 (10th Cir.1987).
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3