**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NEWTON O. BEY,

Defendant-Appellant.

No. 99-3112
(D.C. No. 98-3156-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant Newton O. Bey appeals the district court's denial of his motion

to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

As defendant has not made a substantial showing of the denial of a constitutional right, we deny his request for a certificate of appealability and dismiss the appeal. [1]

In November 1994, defendant was charged with six drug trafficking offenses in the United States District Court for the District of Kansas. Pursuant to a plea agreement, on January 10, 1995, defendant pled guilty to one count of distributing cocaine base and one count of carrying a firearm in relation to a drug trafficking offense. With regard to sentencing, the plea agreement provided that the government (1) would recommend a three-level reduction for acceptance of responsibility; (2) would recommend a sentence at the lower end of the guideline

---

[1] Because defendant's notice of appeal was filed one day late, we questioned our jurisdiction over this appeal. After examining the record, we conclude jurisdiction is proper. Defendant placed his application for a certificate of appealability in the prison mail system within the time allowed to file an appeal. Such an application operates as the functional equivalent of a notice of appeal. See Knox v. Wyoming , 959 F.2d 866, 867-68 (10th Cir. 1992). As a pro se prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to the district court, see Fed. R. App. P. 4(c), defendant's appeal was timely filed, and we have jurisdiction.

The record also shows that on May 6, 1999, the district court granted defendant in forma pauperis status pursuant to 28 U.S.C. § 1915(b), and ordered partial payments to be forwarded to the court by his custodian. In United States v. Simmonds , 111 F.3d 737, 743 (10th Cir. 1997), we held that the Prisoner Litigation Reform Act, which amended § 1915, does not apply to habeas actions. Therefore, we vacate that portion of the district court's order that ordered partial fee payment in accordance with the amended § 1915.

range; (3) would take no position on the issue of sentence enhancement for a supervisory role; (4) would provide pertinent information to the United States Probation Office concerning defendant's involvement in the offense; and (5) would be entitled to correct any factual inaccuracies raised by defendant at the time of sentencing. See R. I, doc. 267, ex. T.

The presentence investigation report (PSIR) prepared by the United States Probation Office included a three-level enhancement for defendant's supervisory role in the offense, pursuant to U.S.S.G. § 3B1.1(b). To justify the upward adjustment, paragraph 57 of the PSIR referred to (1) statements made by co-defendant Heather Beadles that she worked for defendant, and (2) a drug sale by defendant's brother on October 15, 1993, which defendant allegedly approved. Paragraph 146 of the PSIR noted that although only two examples of defendant's supervisory role were detailed, there was additional evidence that defendant was in charge of running drug houses and exercised control over other people involved in the distribution of crack.

Defendant filed an objection to the upward adjustment for his alleged supervisory role, claiming the information relied upon was false, but withdrew his objection prior to sentencing. At the sentencing hearing on April 10, 1995, the district court granted defendant a three-level reduction for acceptance of responsibility, but assessed him a three-level enhancement for his supervisory role

in the offense.  Defendant was sentenced to five years' incarceration on the firearm count, and 135 months on the distribution count, to be served consecutively.

Defendant did not file a direct appeal within ten days after sentencing, as required by the rules of criminal procedure.  He did, however, write a letter to the court within that period alleging that his attorney was ineffective.  On September 22, 1995, defendant filed a § 2255 motion, claiming ineffective assistance of counsel.  The district court appointed an attorney for defendant and held an evidentiary hearing.  On July 12, 1996, the court denied defendant's motion.  On April 7, 1997, we instructed the district court to docket defendant's letter as a notice of appeal from his conviction, and on March 25, 1998, we affirmed defendant's sentence on direct appeal.

Defendant filed a second § 2255 motion on May 18, 1998, again arguing that his attorney was ineffective.  The district court transferred the motion to this court as a successive motion.  We held that the motion was not successive because it was the first motion filed after defendant's direct criminal appeal, and remanded the case for consideration on the merits.  The district court denied the motion, holding (1) that defendant's trial attorney was not ineffective in advising defendant to withdraw his objection to the three-point supervisory enhancement because it was an "entirely reasonable and competent" tactical decision; (2) that

defendant had not shown he was prejudiced by the withdrawal of his objection; (3) that his trial attorney was not ineffective in failing to argue at sentencing that the government had not shown that crack cocaine was involved; (4) that his appointed attorney in the first § 2255 proceeding was not ineffective for failing to challenge the supervisory role enhancement or the government's alleged breach of the plea agreement; and (5) that his appointed appellate attorney was not ineffective in failing to appeal the enhancement for a supervisory role or the government's alleged breach of the plea agreement.    See United States v. Bey, Nos. 94-200075-01, 98-3299-KHV, 1998 WL 919127 at *4, *7 (D. Kan. Dec. 30, 1998) (quotation omitted).  This appeal followed.

Defendant argues his trial attorney was ineffective in advising him to withdraw his objection to the three-level supervisory enhancement, which he alleges was based on false information, and in failing to file a direct appeal on his behalf.  He also argues the government breached the plea agreement during the evidentiary hearing on his § 2255 motion, by stating that if the case came back for resentencing the government would submit evidence justifying the enhancement. Before we may review these claims, defendant must obtain a certificate of appealability by making a "substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  We conclude he has not made this showing.

"Whether a defendant received effective assistance of counsel is a mixed question of law and fact that we review de novo." United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997). To succeed on his claim, defendant must prove that his attorney's performance was deficient, and that the deficient performance prejudiced defendant. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In making this showing, defendant must overcome a "strong presumption" that counsel's conduct fell within the wide range of reasonable professional assistance that might be considered sound trial strategy. Id. at 689. Even if counsel's advice turns out to have been wrong, it was not constitutionally ineffective unless it was "completely unreasonable . . . so that it [bore] no relationship to a possible defense strategy." Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir. 1995) (quotation omitted).

Here, defendant's trial attorney testified that the decision to withdraw defendant's objection to the three-level supervisory role enhancement was a matter of strategy. He noted that the government had evidence other than that challenged by defendant which could show a supervisory role, and that the government had indicated that if defendant persisted in objecting to the information in the PSIR, it would jeopardize his three-level reduction for accepting responsibility. In addition, the attorney feared that defendant's attempt

to negate the information in the PSIR would involve perjury, and might cause the government to seek an enhancement based on defendant's obstruction of justice.

We agree with the district court that this decision was sound strategy, as there is every indication that even if defendant could prove that the PSIR's information regarding his participation in the October 15, 1993 sale and his alleged supervision of co-defendant Beadles was incorrect, the United States Probation Office had other evidence to support the supervisory role enhancement. Under these circumstances, the court might well have withheld the three-level reduction for acceptance of responsibility and still assessed a three-level enhancement for defendant's supervisory role. Because defendant cannot show that counsel's advice was "completely unreasonable," Hatch, 58 F.3d at 1459, he has not made a substantial showing of the denial of a constitutional right.

Similarly, defendant has not made a substantial showing that his attorney's failure to file a direct appeal denied him a constitutional right. Even assuming counsel's failure to file the appeal was unreasonable, defendant cannot show it was prejudicial because he was granted an out-of-time direct appeal in 1996. See id. (holding petitioner could not claim prejudice from original attorney's failure to file application for post-conviction relief when error was cured by second attorney and state court considered issues).

Finally, defendant has not shown that the government's statement about what it intended to prove if he were resentenced denied him a constitutional right. At this point in time, the government has not presented any evidence regarding the supervisory role enhancement, and therefore no breach of the plea agreement can be shown. We do not consider defendant's argument regarding Fed. R. Crim. P. 32(c) because it was not raised to the district court.

The portion of the district court's order of May 6, 1999, ordering partial payment of fees, is VACATED. Defendant's application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge