**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 29 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CRAIG THOMAS RODGERS,

Petitioner-Appellant,

v.

WYOMING ATTORNEY GENERAL;
VANCE EVERETT, Warden of the
Wyoming State Penitentiary,

Respondents-Appellees.

Nos. 98-8111 & 99-8022

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 95-CV-206-J)

---

Submitted on the briefs:

Daniel G. Blythe of Blythe and Steiner, P.C., Cheyenne, Wyoming, for
Petitioner-Appellant.

Lori L. Gorseth, Senior Assistant Attorney General, Cheyenne, Wyoming,
for Respondents-Appellees.

---

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

---

**MURPHY** , Circuit Judge.

---

In appeal number 98-8111, Petitioner Craig Thomas Rodgers seeks to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition, brought on the ground of ineffective assistance of counsel. By construing his request for a certificate of probable cause as the functional equivalent of a formal notice of appeal, this court determines that Rodgers has complied with the jurisdictional requirements of Rules 3 and 4 of the Federal Rules of Appellate Procedure. The appeal may not proceed, however, because Rodgers has failed to make a "substantial showing of the denial of [a] federal right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quotation omitted).[1] Accordingly, this court denies a certificate of probable cause and dismisses the appeal.[2]

In appeal number 99-8022, Rodgers appeals the district court's denial of his motion for relief from judgment, brought under Fed. R. Civ. P. 60(b). That appeal is dismissed as moot.

---

[1] Rodgers filed his habeas petition before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, so that AEDPA's certificate of appealability requirements do not apply. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Nevertheless, the pre-AEDPA version of 28 U.S.C. § 2253 required that a § 2254 habeas petitioner obtain a certificate of probable cause before taking an appeal from a final order denying habeas relief. See 28 U.S.C. § 2253 (1994).

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

## I. BACKGROUND

In February 1994, Rodgers pleaded guilty to first degree sexual assault and was sentenced to a term of imprisonment in the Wyoming State Penitentiary. He did not appeal his conviction or sentence. Thereafter, he sought state post-conviction relief alleging that, after his appeal time lapsed, he learned of the existence of a potentially exculpatory report, produced by an investigator retained by the attorney who represented Rodgers for a short time after his arrest. The investigator allegedly provided his report to Rodgers' second attorney.

Rodgers' claim was that the second attorney provided ineffective assistance of counsel by neglecting to probe into factual issues raised by the report and failing to inform him of the report before entry of his plea. The state courts denied relief. Rodgers then filed a petition for a writ of habeas corpus in federal district court, which determined that the petition was procedurally barred. On appeal, this court reversed and remanded the case for further proceedings, including an evaluation of the contents of the "allegedly exculpatory investigative report." Rodgers v. Ferguson, No. 96-8064, 1997 WL 634110, **2 (10th Cir. Oct. 14, 1997).

The district court held an evidentiary hearing to inquire into the report. No comprehensive report, however, was introduced into evidence at the hearing. The attorney's file did contain, among other things, summaries of the

investigator's interviews. The summaries showed that the investigator had spoken to the victim's neighbors, who told of occasional abusive behavior on the part of the victim's boyfriend, and patrons of a bar, who said they had seen the victim socializing with Rodgers on the evening of the sexual assault.

At the hearing, testimony focused on the investigator's interview of a police officer who had noticed Rodgers and the victim in their separate cars after the assault occurred. The investigator testified that he had learned from the police officer that the victim waved goodbye to Rodgers, an action which arguably supported Rodgers' claim that the sexual act was consensual. The investigator, however, could not remember if he had reduced this information to writing and included it with his other interview summaries. In any event, no such writing was introduced into evidence. The police officer testified that he did not recall seeing the victim wave to Rodgers but that, if he had, his own report would have noted it. His report did not refer to the incident.

At the close of evidence, Rodgers argued that he could not have entered an intelligent, knowing, and voluntary plea of guilty because his attorney did not follow up on factual issues raised by the investigator or even inform him of the results of the investigator's activities. The district court rejected the argument, stating on the record that trial counsel had acted appropriately with regard to

Rodgers' entry of a guilty plea and had not provided ineffective assistance of counsel.

The court issued its order denying the habeas petition on October 13, 1998. Seven days later, Rodgers filed a motion for a certificate of probable cause and certificate of appealability, which the district court denied. On November 25, 1998, or forty-three days after entry of the order, Rodgers submitted a notice of appeal. After docketing the matter as appeal number 98-8111, this court ordered the parties to brief the jurisdictional issue of whether the appeal was timely filed. We reserved a ruling on the jurisdictional issue.

Meanwhile, Rodgers filed a motion in the district court for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, asking the court to "vacate the Order filed on October 13, 1998 and reenter that previous Order so that a timely appeal may be filed." R., vol. 3, tab 74. Rodgers' attorney based the motion on excusable neglect, claiming that he had misunderstood the procedural effect of the certificate of probable cause requirement. On February 18, 1999, the district court denied the motion. The next day, Rodgers filed a notice of appeal of the Rule 60(b) order. The second appeal was docketed as appeal number 99-8022.

## II. DISCUSSION

### A. Appeal Number 98-8111

#### 1. Jurisdiction

"This court cannot exercise jurisdiction absent a timely notice of appeal." United States v. Smith, 182 F.3d 733, 734 (10th Cir. 1999). The deadline for filing a notice of appeal in a civil case expires "30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A) (setting out the general rule and cross-referencing certain exceptions not applicable here). The three required elements of notice are: (a) a specification of "the party or parties taking the appeal;" (b) a designation of "the judgment, order, or part thereof being appealed;" and (c) the name of "the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). "An appeal must not be dismissed for informality of form or title of the notice of appeal." Fed. R. App. P. 3(c)(4).

The Supreme Court has interpreted these rules, taken together, to mean that notice of appeal requirements should be liberally construed. See Smith v. Barry, 502 U.S. 244, 248 (1992). In that case, the appellant, who was a state prisoner proceeding *pro se*, filed a brief within the time limits of Rule 4, but not a separate notice of appeal. The Court of Appeals for the Fourth Circuit dismissed his appeal for want of jurisdiction. The Supreme Court reversed and remanded for a determination of whether the brief was the "functional equivalent" of a notice

of appeal. Id. at 250. The Court explained that the purpose of a notice of appeal is "to ensure that the filing provides sufficient notice to other parties and the courts." Id. at 248. Therefore, "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." Id. at 248. A document "filed within the time specified by Rule 4 [which] gives the notice required by Rule 3 . . . is effective as a notice of appeal." Id. at 249.

Applying the Smith v. Barry standard in habeas cases, this court has often permitted an application for a certificate of probable cause or a certificate of appealability to serve as a notice of appeal. See Ray v. Cowley, 975 F.2d 1478, 1479 (10th Cir. 1992); Knox v. Wyoming, 959 F.2d 866, 867-68 (10th Cir. 1992); United States v. Williamson, No. 99-3120, 1999 WL 1083750, **1, n.2 (10th Cir. Dec. 2, 1999) (unpublished); United States v. Gonzalez, No. 98-3106, 1998 WL 847638, **1 (10th Cir. Dec. 8, 1998) (unpublished). Generally, the application "identif[ies] the parties to the appeal and the district court order appealed from," and consequently meets the requirements of Rule 3(c). Knox, 959 F.2d at 867. [3]

---

[3] This court has accepted a number of other documents as the functional equivalent of a notice of appeal in *pro se* habeas cases. See, e.g., Kenney v. Colorado, Nos. 98-1317, 98-1324, 1999 WL 476014, **1 (10th Cir. July 9, 1999) (unpublished) (financial affidavit); Coelho v. Romero, No. 98-2282, 1999 WL 430166, **1 (10th Cir. June 28, 1999) (unpublished) (appellate brief); Sule v. Story, Nos. 96-1340, 97-1049, 97-1052, 96-1417, 97-1050, 96-1441, 97-1051,

(continued...)

The appellants in these previous cases were proceeding *pro se*. In recognition of their *pro se* status, this court noted that a "literal reliance on the title of the document [would be] inconsistent with the liberal construction afforded to *pro se* papers and would permit the district court to arbitrarily deny appellate jurisdiction that is otherwise proper under the rules announced in <u>Smith</u> [v. Barry] and <u>Knox</u>." <u>Ray</u>, 975 F.2d at 1479.

The principles outlined in <u>Smith v. Barry</u>, however, are not confined to the filings of *pro se* appellants. In analyzing the issue, the Court did not remark upon the appellant's *pro se* status or cite to the well-established body of case law providing for a liberal view of papers filed by *pro se* litigants, <u>see, e.g.</u>, <u>Haines v.</u>

---

[3](...continued)
1997 WL 543366, **1 (10th Cir. Sept. 3, 1997) (unpublished) (motion and affidavit for leave to proceed on appeal); <u>Cattelan v. Utah</u>, No. 94-4093, 1995 WL 511122, **1 (10th Cir. Aug. 30, 1995) (unpublished) (docketing statement).

This court has also applied <u>Smith v. Barry</u> in other types of *pro se* appeals. <u>See, e.g.</u>, <u>United States v. Smith</u>, 182 F.3d at 734 (motion for out of time notice of appeal in criminal case); <u>Haney v. Addison</u>, 175 F.3d 1217, 1219 (10th Cir. 1999) (docketing statement in criminal case); <u>Kyler v. Montezuma County</u>, No. 99-1052, 2000 WL 93996 (10th Cir. Jan. 31, 2000) (unpublished) (motion on jurisdiction in civil rights case); <u>Coleman v. Morall</u>, No. 98-1332, 1999 WL 106803, **2 (10th Cir. Mar. 3, 1999) (unpublished) (docketing statement in prisoner civil rights case); <u>Mason v. Hutton</u>, No. 97-1327, 1998 WL 161151, **1 (10th Cir. Mar. 31, 1998) (unpublished) (docketing statement and brief in tax case); <u>Harris v. Rocchio</u>, No. 97-1020, 1997 WL 787185, **2 (10th Cir. Dec. 24, 1997) (unpublished) ("Motion for Registry of Actions" in civil rights case); <u>Punchard v. Luna County Comm'n</u>, No. 97-2029, 1997 WL 346032, **1 (10th Cir. June 24, 1997) (appellate brief in civil rights case).

Kerner , 404 U.S. 519, 520-21 (1972). Instead, it looked to its long-established practice of liberally construing court rules. See Smith v. Barry , 502 U.S. at 248 (quoting Torres v. Oakland Scavenger Co , 487 U.S. 312, 316 (1988) for the proposition that a filing "'technically at variance with the letter of [Rule 3],'" may satisfy the rule if it is "'the functional equivalent of what the rule requires'"); see also Torres , 487 U.S. at 316 (noting that "'mere technicalities' should not stand in the way of consideration of a case on its merits") (quoting Foman v. Davis , 371 U.S. 178, 181 (1962)).

Other circuit courts of appeal have not hesitated to construe a counseled application for certificate of probable cause as a notice of appeal. See Ortberg v. Moody , 961 F.2d 135, 137 (9th Cir. 1992) (determining that either a counseled or *pro se* request for a certificate of probable cause "can serve double duty as notice of appeal"). The Seventh Circuit has explicitly stated that whether a petitioner has a lawyer does not "make[] a difference." Bell v. Mizell , 931 F.2d 444, 445 (7th Cir. 1991). Although that court did "not condone the failure of [petitioner's] attorney to file a formal notice of appeal in timely fashion--and trust[ed] there will be no repetition of the oversight by members of the bar," it determined that the omission did not "deprive [petitioner] of his appellate rights." Id.; see also Intel Corp. v. Terabyte Int'l, Inc. , 6 F.3d 614, 617-18 (9th Cir. 1993) (analyzing

filings under Smith v. Barry in counseled civil case); Kotler v. American Tobacco Co., 981 F.2d 7, 11 (1st Cir. 1992) (same). [4]

We conclude that, for notice of appeal requirements, the filings of counseled habeas petitioners should be given the same liberal construction as those of *pro se* petitioners. A document, such as an application for a certificate of probable cause or certificate of appealability, is the functional equivalent of a notice of appeal if it contains the three elements of notice required by Rule 3(c). If such a document is timely filed under Rule 4, the jurisdiction of this court is properly invoked.

Here, it is uncontested that Rodgers' designated notice of appeal was filed thirteen days late. His motion for a certificate of probable cause and motion for a certificate of appealability, however, was filed within thirty days of the order

---

[4] We note that, although this court has not allowed another document to substitute for a notice of appeal in a counseled case, it has supplemented the contents of a deficient notice of appeal with information provided in a separate, timely-filed document. See Denver & Rio Grande W. R.R. v. Union Pac. R.R., 119 F.3d 847, 848-49 (10th Cir. 1997) (notice of appeal failing to designate certain orders, in combination with a docketing statement); Ayala v. United States, 980 F.2d 1342, 1344 (10th Cir. 1992) (notice of appeal failing to specify the parties taking the appeal, in combination with a docketing statement). See also Hatfield v. Board of County Comm'rs of Converse County, 52 F.3d 858, 862 n.3 (10th Cir. 1995) (discussing Smith v. Barry as grounds for accepting document captioned as motion for reconsideration or, in the alternative, notice of appeal).

denying his habeas petition and contained the required elements of notice.  This court has jurisdiction to review the merits of appeal number 98-8111.

**2.  Ineffective Assistance of Counsel Claim**

Rodgers asserts that his trial attorney provided ineffective assistance of counsel by allowing him to accept a plea bargain without either ferreting out additional information or specifically informing him of the material already obtained by the investigator.  He also faults counsel for failing to challenge his decision to plead guilty when he was "down and depressed."    See Appellant's Br. at 11.

To establish an ineffective assistance claim, a defendant must demonstrate both that his attorney's representation was deficient and that the attorney's substandard performance prejudiced him.    See Strickland v. Washington  , 466 U.S. 668, 687 (1984).  In this instance, deficient performance requires a showing that counsel gave advice that was not "within the range of competence demanded of attorneys in criminal cases."    Hill v. Lockhart  , 474 U.S. 52, 56 (1985) (quotation omitted).  For prejudice, Rodgers must demonstrate there is a "reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."    Id. at 59.

This court has reviewed the record and determined that Rodgers has not made a showing of either deficient performance or prejudice. We therefore deny his request for a certificate of probable cause.

**B.      Appeal Number 99-8022**

Appeal number 99-8022, concerning the denial of Rodgers' Rule 60(b) motion, is rendered moot by our determination that his motion for a certificate of probable cause is the functional equivalent of a notice of appeal. In addition, we note that the district court did not abuse its discretion in denying the motion for relief from judgment. See Yapp v. Excel Corp., 186 F.3d 1222, 1230 (10th Cir. 1999). "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996); see also FHC Equities, L.L.C. v. MBL Life Assurance Corp., 188 F.3d 678, 687 (6th Cir. 1999) (holding that an attorney's misinterpretation of the Federal Rules does not constitute 'excusable neglect' or mistake under Rule 60(b)); Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) (stating that "no circuit that has considered the issue . . . has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect'").

## III. CONCLUSION

Appeal number 98-8111 is DISMISSED based on this court's denial of Rodgers' application for a certificate of probable cause. Appeal number 99-8022 is DISMISSED as moot.