UNITED STATES of America, Plaintiff–Appellee,

v.

Anthony Lee SPENCER, Defendant–Appellant.

No. 01–5081.

United States Court of Appeals, Tenth Circuit.

Oct. 10, 2001.

---

804

Before EBEL, KELLY, and LUCERO, Circuit Judges.[*]

ORDER AND JUDGMENT [**]

PAUL KELLY, Jr., Circuit Judge.

Defendant–Appellant Anthony Spencer, an inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because Mr. Spencer fails to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c), we deny his request and dismiss his appeal.

The background and details of Mr. Spencer's plea of guilty to conspiracy and tax fraud charges are set out in the published opinion relating to his direct appeal.

See *United States v. Spencer,* 178 F.3d 1365 (10th Cir.1999). After the district court entered a judgment denying his § 2255 motion, Mr. Spencer filed a request for a COA with the district court. Although Mr. Spencer did not file a formal "notice of appeal" within sixty days after the entry of the judgment appealed from, *see* Fed. R.App. P. 4(a)(1)(B), the district court treated his application for a COA as the functional equivalent of a notice of appeal. Doc. 48 at 1. We agree that Mr. Spencer's filing of his COA application constitutes a timely filing of a notice of appeal. See *Rodgers v. Wyo. Att'y Gen.,* 205 F.3d 1201, 1205 (10th Cir.2000) ("A document, such as an application for a . . . certificate of appealability, is the functional equivalent of a notice of appeal if it contains the three elements . . . required by Rule 3(c)."), *overruled on other grounds as recognized by Moore v. Marr,* 254 F.3d 1235, 1239 (10th Cir.2001); *see also Smith v. Barry,* 502 U.S. 244, 245, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (document "intended to serve as an appellate brief may qualify" as a notice to appeal); *Ray v. Cowley,* 975 F.2d 1478, 1479 (10th Cir. 1992) (application for certificate of probable cause was functional equivalent of a notice to appeal).

In his motion, Mr. Spencer raises four issues: (1) the grand jury indictment did not contain all the essential elements of the charged crimes, (2) his guilty plea was made involuntarily, (3) he received ineffective assistance of counsel, and (4) the district court unconstitutionally enhanced his sentence. Aplt. Br. at 1. Be-

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cause Mr. Spencer did not raise any arguments on his direct appeal regarding the defective indictment and the guilty plea, the claims will be procedurally barred if he cannot show cause and prejudice for the default or that a fundamental miscarriage of justice will occur if we do not address the claims. *United States v. Allen,* 16 F.3d 377, 378–79 (10th Cir.1994). We agree with the district court that Mr. Spencer has failed to make such a showing, Doc. 45 at 2–3, and we conclude that those arguments are procedurally barred. Moreover, because Mr. Spencer did not raise the issue of the defective indictment in his original § 2255 motion before the district court, we will not consider it for the first time on appeal. *Roberts v. Roadway Exp., Inc.,* 149 F.3d 1098, 1104 (10th Cir.1998) (refusing to consider on appeal an argument "not demonstrably raised below").

■ We treat ineffective assistance of counsel claims as mixed questions of law and fact and review them de novo. *Smith v. Gibson,* 197 F.3d 454, 461 (10th Cir. 1999). We find that the record reveals that Mr. Spencer's counsel provided advice "within the range of competence demanded of attorneys in criminal cases," *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (internal quotation omitted), and that Mr. Spencer received reasonably effective assistance of counsel. *Strickland v. Wash.,* 466 U.S. 688, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Mr. Spencer asserts that his attorney failed to research the tax laws resulting in inaccurate advice that Mr. Spencer used in entering his plea. Specifically, Mr. Spencer claims that his attorney failed to advise Mr. Spencer that the tax laws do not require an employee to be away from home overnight to qualify for per diem payments. The tax regulations do provide, however, that an employee must be "trav-

eling away from home" to qualify for a per diem allowance for business travel. *See* 26 C.F.R. §§ 1.62–2(d)(3)(ii), (e)(2) (1995); *id.* § 1.274–5(f)(2) (1995); *id.* § 1.274–5T(g)(2) (1989). We therefore agree with the district court that Mr. Spencer has failed to make a sufficient showing of ineffective assistance of counsel. Doc. 45 at 4–5.

■ Finally, Mr. Spencer's claim that his sentence enhancement violated the rule announced by the Supreme Court in *Apprendi v. N.J.,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is without merit because his sentence did not exceed the statutory maximum. *United States v. Sullivan,* 255 F.3d 1256, 1264–65 (10th Cir. 2001) (*Apprendi* not applicable where tax-loss calculation and sophisticated concealment enhancements increased sentence but not beyond statutory maximum).

We DENY Mr. Spencer's request for a COA and DISMISS the appeal.