**F I L E D**

UNITED STATES COURT OF APPEALS

**February 3, 2006**

FOR THE TENTH CIRCUIT

PATRICIA A. ARPS,

     Plaintiff-Appellant,

v.

ROBERT SCOTT CORMACK,
Officer; DONALD JACKSON; THE
OKLAHOMA CITY POLICE
DEPARTMENT; KIRK
HUMPHREYS, Mayor; M. T. BERRY,
Police Chief; JOHN WHETSEL,
Sheriff,

     Defendants-Appellees.

No. 04-6354
(D.C. No. CV-03-1755-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, McKAY**, and **MURPHY**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Patricia Ann Arps, an Oklahoma state prisoner appearing pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint. Her complaint, filed in December 2003, alleged that various state officials violated her constitutional rights in connection with her arrest and conviction for assaulting a police officer in 1999. Acting under 28 U.S.C. § 1915A, the district court dismissed her complaint prior to service for failure to state a claim. It ruled that her claims were barred by the applicable statute of limitations, or by principles of immunity.

I.

We first examine our jurisdiction. Several defendants-appellees contend this court lacks jurisdiction over plaintiff's appeal because her notice of appeal was untimely. *See* Fed. R. App. P. 4(a)(1)(A) ((requiring notice of appeal to be filed within thirty days of judgment). The district court's order of dismissal was entered on April 14, 2004. On April 26, 2004, plaintiff filed a document in the district court entitled as an application for certificate of appealability (the "COA notice"). R. Doc. 30. The district court struck the COA notice on May 13, 2004, explaining that a certificate of appealability is not required in order to appeal a civil rights action, but to appeal the denial of a petition for a writ of habeas

corpus.[1]  R. Doc. 33.  The district court did observe, however, that plaintiff wished to appeal the dismissal of her civil rights complaint.  *Id*.  Six months later, plaintiff filed a formal notice of appeal, which was docketed as such in both this court and the district court.

Appellees contend plaintiff's appeal is untimely because her COA notice was stricken by the court and the second notice of appeal was filed more than thirty days after entry of judgment.  We conclude, however, that the district court erred in striking plaintiff's COA notice, and should, instead, have accepted it as the functional equivalent of a notice of appeal.  The Supreme Court has held that notices of appeal are to be construed liberally, and that a timely filed pro se document may serve as the functional equivalent of a notice of appeal if it gives the notice required by Fed. R. App. P. 3(c).  *Smith v. Barry*, 502 U.S. 244, 248-49 (1992).  Rule 3 requires that a notice of appeal must specify the party or parties taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is taken.  Rule 3(c)(1).  The Rule further provides that an appeal must not be dismissed for informality of form or title.  *Id.* at 3(c)(4).  The advisory notes state that, "the rule makes it clear that dismissal of an appeal

_____

[1]  Plaintiff may have been confused by the district court's order of dismissal, which incorrectly characterized plaintiff's § 1983 complaint as an action seeking habeas corpus relief.  R. Doc. 27, at 1.

should not occur when it is otherwise clear from the notice that the party intended to appeal." Fed. R.App. P. 3(c), 1993 Advisory Committee Notes.

Here, plaintiff's timely-filed COA notice identified the parties to the appeal, adequately identified the order of dismissal being appealed, and identified the Tenth Circuit as the court to which the appeal was being taken. Moreover, as the district court recognized, it was clear from the COA notice that plaintiff intended to appeal the dismissal of her complaint. Therefore, it constituted the functional equivalent of a notice of appeal under *Smith v. Barry*. *See Rodgers v. Wyo. Att'y Gen.*, 205 F.3d 1201, 1205 (10th Cir. 2000), *overruled on other grounds as recognized by Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001) ("Applying the *Smith v. Barry* standard . . . , this court has often permitted an application for a certificate of probable cause or a certificate of appealability to serve as a notice of appeal." (citing cases)); *see also Ray v. Cowley*, 975 F.2d 1478, 1479 (10th Cir. 1992) (application for certificate of probable cause was functional equivalent of a notice to appeal). Because the COA notice constituted a timely notice of appeal, we have jurisdiction over this appeal.

## II.

In her § 1983 complaint, plaintiff alleged that in February 1999, an Oklahoma City policeman, Officer Cormack, used unconstitutionally excessive force against her in removing her from a courtroom, and that the Oklahoma City

Police Department, its mayor and former police chief were liable for Officer Comack's conduct. Plaintiff was convicted for assaulting Officer Cormack as a result of the February 1999 courtroom incident, and her complaint alleges that the conviction was obtained because a witness against her, defendant Donald Jackson, committed perjury.

The complaint was referred to a magistrate judge, who ordered plaintiff to show cause why her complaint should not be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), and § 1915A. After considering plaintiff's response, the magistrate judge issued a report recommending that the complaint be dismissed, which was the adopted by the district court.

We review a § 1915 dismissal for failure to state a claim de novo, accepting all allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *See Perkins v. Kan. Dep't of Corr*., 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id*.

We have reviewed the complaint, as well as plaintiff's response to the show cause order, her objections to the magistrate judge's report and recommendation and her arguments on appeal. We conclude from our review of the record that all of plaintiff's claims against all of the defendants involve allegations of

unconstitutional conduct occurring more than two years prior to the filing of the complaint and are, therefore, barred by the two-year statute of limitations applicable to § 1983 claims brought in Oklahoma. *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (holding that Oklahoma's two-year statute of limitations applies to § 1983 cases arising in that state). Accordingly, the district court properly dismissed the action for failure to state a claim on which relief may be granted under § 1915(e). Because we uphold the district court's dismissal of the complaint on statute of limitation grounds, we need not address its additional and alternative grounds for dismissing plaintiff's complaint.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge