**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EUGENE NELSON,

      Plaintiff-Appellant,

v.

MIKE HENDERSON, Parole Officer,

      Defendant-Appellee.

No. 99-2301

D. N.M.

(D.C. No. CIV-98-1482-M)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

      Eugene Nelson, a prisoner in the custody of the New Mexico Department

of Corrections, filed this pro se civil rights action against three New Mexico

Department of Corrections officials:  Mike Henderson, Sara Drillin, and

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R.App. P. 34(a)(2);  10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Adrienne Jackson. The district court dismissed Mr. Nelson's claims against Ms. Jackson and Ms. Drillin sua sponte, reasoning that Ms. Jackson was entitled to absolute immunity as a member of the parole board and that Mr. Nelson's complaint contained no allegations against Ms. Drillin. See Rec. vol. I , doc. 17 at 2.

Mr. Nelson advanced three claims against the remaining defendant, New Mexico parole officer Mike Henderson: (1) that Mr. Henderson placed an ankle bracelet on him for electronic monitoring, causing a preexisting ankle injury not to heal properly and imposing cruel and unusual punishment in violation of the Eighth Amendment; (2) that Mr. Henderson caused Mr. Nelson's parole to be revoked on the basis of a positive urine test for alcohol and did not allow Mr. Nelson to have the urine retested; and (3) that Mr. Henderson improperly required him to attend a treatment program for sex offenders, causing his parole to be revoked when he stopped attending the program. Adopting the magistrate's report and recommendation, the district court applied Fed. R. Civ. P. 12(b)(6) to dismiss Mr. Nelson's Eighth Amendment claim with prejudice and his parole revocation claims without prejudice. [1]

---

[1]    We construe Mr. Nelson's "Memorandum Brief," filed with this court on November 30, 1999, as a notice of appeal and exercise appellate jurisdiction. See Rodgers v. Wyoming Att'y Gen. , 205 F.3d 1201, 1204-06 (10th Cir. 2000) (noting that pro se documents may be construed as functional equivalents of notices of appeal).

Upon de novo review, see Herring v. Keenan, 218 F.3d 1171, 1174 (10th Cir. 2000), we agree with the conclusions set forth in the magistrate's report and recommendation regarding Mr. Nelson's claim about the ankle bracelet. His allegations do not involve "the unnecessary and wanton infliction of pain" required to constitute an Eighth Amendment violation in this context. See Hudson v. McMillian, 503 U.S. 1, 10 (1992) (quoting Estelle v. Gamble, 429 U.S. 97, 102-03 (1976)); see also Perkins v. Kansas Dept. of Corrections, 165 F.3d 803. 809-11 (10th Cir. 1999) 1998) (applying Eighth Amendment standard to claims involving conditions of prisoner's confinement).

We also agree with the magistrate judge and the district court that Mr. Henderson's claims regarding the revocation of his parole are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, when judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. That principle applies to claims that "call into question the fact or duration of parole or probation." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). Thus, a plaintiff seeking damages for the improper revocation of his parole must first establish that the revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a

3

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 487. There are no such allegations in Mr. Nelson's complaint. Until he obtains relief through one of these procedures, he may not bring an action for damages.

We therefore AFFIRM the district court's dismissal of Mr. Nelson's Eighth Amendment claim with prejudice and his parole revocation claims without prejudice.

Entered for the Court,


Robert H. Henry
United States Circuit Judge

4