**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

———————————————

ALFRED R. CESSPOOCH, SR.,

    Plaintiff-Appellant,

v.

FEDERAL BUREAU OF PRISONS;
JOEL KNOWLES, Warden and in
individual capacity; JACK B. DAVIS,
Associate Warden and in individual
capacity; THOMAS C. PETERSON,
Associate Warden and in individual
capacity; CHARLES ROWE,
Lieutenant and in individual capacity;
ROBERT LIMA, Lieutenant and in
individual capacity; DAVID
ARMSTRONG, Correctional Officer;
ANTHONY F. DIMARZO,
Correctional Officer; JAKE M.
GEIGER, Correctional Officer;
CHARLOTTE R. GUTIERREZ,
Correctional Officer; PAULA G.
PRICE, Correctional Officer;
WESLEY A. PUMMILL, Correctional
Officer; OFFICER SMITH,
Correctional Officer; OFFICER
WALKER, Correctional Officer;
OFFICER PLOESSEL, Correctional
Officer; OFFICER MOORE,
Correctional Officer,

    Defendants-Appellees.

———————————————

No. 02-1538
(D. Colo.)
(D.Ct. No. 00-Z-1973)

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **PORFILIO**, and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellant Alfred Cesspooch, a federal inmate appearing pro se, appeals a district court order dismissing his civil rights suit against prison officials based on an incident in which several officials allegedly stripped and beat him. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**Background**

Mr. Cesspooch filed a complaint in the United States District Court for the District of Colorado, alleging prison officials violated his constitutional rights by

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

stripping and beating him, while others ignored and concealed the incident. He alleges the incident occurred February 6, 1997, but he did not initiate this action until September 21, 2000. Mr. Cesspooch seeks money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The district court referred the complaint to a magistrate judge, who recommended dismissing Mr. Cesspooch's claims against the Federal Bureau of Prisons as barred by sovereign immunity, and dismissing four of the individually named defendants as barred by a two-year statute of limitations. The district court adopted the recommendation and dismissed the claims as to the Federal Bureau of Prisons and four of the individually named defendants. Because Mr. Cesspooch did not effect service on the remaining defendants, the district court did not address the claims against those parties. *See Cesspooch v. Federal Bureau of Prisons*, 2003 WL 77606 (10th Cir. Jan. 10, 2003) (unpublished). We affirmed the district court's action. *Id.*

Shortly thereafter, the magistrate judge ordered Mr. Cesspooch to show cause why the court should not dismiss his claims against the remaining defendants on grounds (1) Mr. Cesspooch failed to effect service, prosecute his

claims, and comply with court orders; and (2) the claims are barred by sovereign immunity and the statute of limitations. On September 30, 2002, after considering Mr. Cesspooch's response, the magistrate judge issued a thorough and carefully reasoned recommendation to dismiss the complaint on the grounds stated in its order to show cause. The recommendation advised the parties of their right to file a written objection "[w]ithin ten days after service of a copy of the Recommendation."

On December 5, 2002, over two months after the magistrate judge issued his recommendation, Mr. Cesspooch filed a "Motion of Notice of Appeals to the Court of Appeals" and a "Motion Objecting the Magistrate Judge Decision in the District Court of Colorado." The district court issued an order in December adopting the magistrate judge's recommendation and dismissing Mr. Cesspooch's complaint. The order noted Mr. Cesspooch filed an objection, but found the objection was neither timely nor specific. The court thus concluded Mr. Cesspooch was not entitled to de novo review of the magistrate judge's recommendation. Mr. Cesspooch subsequently filed a docketing statement and a jurisdictional memorandum brief.

On appeal, Mr. Cesspooch does not specifically challenge the grounds the

district court relied on in dismissing his complaint.[1]  Instead, he renews the allegations in his complaint.  He also argues the district court should have appointed counsel to represent him, and should have held an evidentiary hearing on his claims.  We address the jurisdictional question and Mr. Cesspooch's arguments below.

**Discussion**

As a preliminary matter, we must determine if we have jurisdiction to consider this appeal.  *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002).  Appellees Karl Ploessel and Gregory Walker argue we lack jurisdiction to consider this appeal because Mr. Cesspooch's "Motion of Notice of Appeals to the Court of Appeals" appears to seek review of the magistrate judge's recommendation, which is not a "final decision."*See* 28 U.S.C. § 1291 (establishing "jurisdiction of appeals from all final decisions of the district courts of the United States").

We liberally construe documents filed by pro se litigants, including notices

---

[1]  Although we construe Mr. Cesspooch's pro se brief liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we will not assume the role of advocate and address issues not discussed in his brief, *see Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

of appeal. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 n.3 (10th Cir. 1993). We also liberally construe the technical requirements of a notice of appeal to avoid injustice. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992). From pro se litigants, we have accepted docketing statements and motions on jurisdiction as the functional equivalent of a notice of appeal. *See Rodgers v. Wyoming Attorney Gen.*, 205 F.3d 1201, 1204 n.3 (10th Cir. 2000), *overruled on other grounds, Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001). Under these principles, we interpret Mr. Cesspooch's timely docketing statement and jurisdictional memorandum brief as a notice of appeal of the district court's order dismissing his complaint. We therefore exercise jurisdiction under 28 U.S.C. § 1291.

We review the dismissal of a complaint for failure to effect service, prosecute, and comply with court orders, for an abuse of discretion. *Cf. Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). However, we review de novo the district court's determination that a complaint is barred by the statute of limitations, *see Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994), and dismissal for lack of subject matter jurisdiction on sovereign immunity, *see Ordinance 59 Ass'n v. United States Dept. of Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998).

With these standards in mind, we have carefully reviewed the magistrate judge's recommendations and the district court's order dismissing the complaint for failure to effectuate service, prosecute his claims, or comply with court orders, and for failure to show his claims are not barred by sovereign immunity or the applicable statute of limitations. This review, together with our thorough review of the pleadings, briefs, and record on appeal, leads us to conclude the district court properly dismissed Mr. Cesspooch's complaint for the reasons stated.

While he does not challenge the specific grounds for dismissal of his complaint, Mr. Cesspooch claims the district court erred by declining to appoint counsel to represent him. In support of this position, Mr. Cesspooch states he does not understand the law and has difficulty reading and writing. He believes the Fourteenth Amendment's Equal Protection Clause and the Indian Civil Rights Act of 1968 entitle him to appointed counsel. *See* U.S. Const. amend. XIV; 25 U.S.C. §§ 1301-1303.

"We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995). Neither the Indian Civil Rights Act of 1968 nor the Equal Protection Clause guarantees the right to counsel in a civil case. *See* 25 U.S.C. §§ 1301-1303;

*Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987).  Although prisoners alleging civil rights violations have no right to counsel, *see Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969), the district court may appoint counsel if it determines doing so would be appropriate.  28 U.S.C. § 1915(e)(1).  In making this determination, the court considers "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks*, 57 F.3d at 979 (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991)).  After reviewing Mr. Cesspooch's claims and the entire record on appeal, we conclude the district court did not abuse its discretion in denying Mr. Cesspooch's motion to appoint counsel.

Mr. Cesspooch also argues he is entitled to an evidentiary hearing on the merits of his claim.  We review a district court's denial of an evidentiary hearing for an abuse of discretion.  *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir.1996).  Because we determine the district court properly dismissed Mr. Cesspooch's claims on legal grounds that did not necessitate a hearing or introduction of additional evidence, the district court did not abuse its discretion in declining to conduct an evidentiary hearing.

**Conclusion**

For the foregoing reasons, and for substantially the same reasons as those stated by the district court, we **AFFIRM** the dismissal of Mr. Cesspooch's complaint.  We further deny Mr. Cesspooch's "Motion for Leave to Proceed on Appeal."

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge