F I L E D

**UNITED STATES COURT OF APPEALS**

**June 30, 2005**

**TENTH CIRCUIT**

NAOMI OLSEN; TOM OLSEN,

     Plaintiffs-Appellants,

v.

PAUL MAPES; ROBERT BABCOCK,

     Defendants-Apellees.

No. 04-2023
(D.C. No. CIV-01-563-MCA/RLP)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Tom and Naomi Olsen brought a *pro se* civil action against attorney Robert

Babcock and Administrative Law Judge Paul Mapes.[1]  In a Second Amended

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Tom Olsen is the plaintiff in a pending administrative proceeding brought under the Longshore Harbor Worker's Compensation Act, which is currently before Judge Mapes in San Francisco, California.  Robert Babcock is an attorney who represents Mr. Olsen's former employer, Triple A Machine Shop, Inc., in that proceeding.  Plaintiffs' claims arise from the alleged conduct of Judge Mapes

Complaint filed without permission of the court, the Olsens attempted to add the New Mexico Board of Pharmacy (Board) as a defendant. The claims against Mr. Babcock were dismissed for lack of *in personam* jurisdiction. The claims against Judge Mapes were dismissed based on the district court's determination that the Olsens failed to comply with the court's orders to perfect service. The district court then struck the Second Amended Complaint, effectively dismissing all claims against the Board. The Olsens appealed the dismissal of claims against Judge Mapes and the Board and we reversed. *Olsen v. Mapes*, 333 F.3d 1199 (10th Cir. 2003). The Olsens did not appeal the dismissal of the complaint against Mr. Babcock. *Id.* at 1200 n.1. Although noting the Olsens had not appealed with respect to Mr. Babcock, on remand the district court nevertheless reaffirmed its order of dismissal with prejudice with respect to him and granted Judge Mapes' motion to dismiss for lack of personal jurisdiction. The Olsens appeal. We dismiss the appeal with respect to Mr. Babcock for lack of appellate jurisdiction and otherwise affirm.

The first issue we must resolve is whether this court has jurisdiction over Mr. Babcock. Although the Olsens raise issues concerning Mr. Babcock in their appellate brief, he contends our jurisdiction is circumscribed to the contents of the notice of appeal. FED. R. APP. P. 3(c) (the notice of appeal must designate the

and Mr. Babcock in those proceedings.

-2-

order being appealed).  However, timely filed appellate briefs and *pro se* documents may serve as the functional equivalent of a notice of appeal.  *See, e.g., Smith v. Barry*, 502 U.S. 244, 248-49 (1992); *Rodgers v. Wyoming Att'y Gen.*, 205 F.3d 1201, 1204 n.3 (10th Cir. 2000), *overruled on other grounds as recognized by Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001).  Although the Olsens' references to Mr. Babcock in their appellate brief constitute the functional equivalent of a notice of appeal, their claims against him must nevertheless be dismissed.  "This court cannot exercise jurisdiction absent a timely notice of appeal." *United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999).  The deadline for filing a notice of appeal in a civil case expires "30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1).  The Olsens' appellate brief, dated June 25, 2004, was not filed within thirty days of the court's August 25, 2003 order dismissing Mr. Babcock, and we therefore lack appellate jurisdiction over their claims against him.

The remaining issue is whether the district court erred in dismissing Judge Mapes for want of *in personam* jurisdiction.  "We review de novo the district court's dismissal for lack of personal jurisdiction." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999).  "When, as in this case, a district court grants a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie

showing of personal jurisdiction to defeat the motion." *Id*. (internal quotation omitted). The district court held the Olsens failed to make a prima facie showing that the constitutional requirements for the exercise of personal jurisdiction were satisfied with respect to Judge Mapes. We agree.

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Id.* (internal quotation omitted). New Mexico's long arm statute is coextensive with constitutional limitations imposed by the due process clause. *Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 48 P.3d 50, 54-55 (N.M. 2002). Our opinion in *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086 (10th Cir. 1998), lays out the well-established constitutional analysis for personal jurisdiction:

> "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts[,] ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Therefore, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 [(1980)]. The requirement that "minimum contacts" be present protects a defendant, who has no meaningful contact with a state, from the burdens of defending a lawsuit far from home in a forum where the substantive and procedural laws may be quite different from those with which the litigant is familiar. *See id*. at 292 . . . . *The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has*

-4-

> *'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King*, 471 U.S. at 472 (internal quotations omitted). *Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984).

*Id*. at 1090-91 (emphasis added). We agree with the district court that the Olsens' submissions are insufficient to demonstrate the type of continuous and systematic contacts with New Mexico that would warrant general jurisdiction over Judge Mapes. The question then is whether the Olsens made a *prima facie* showing that the requirements of specific jurisdiction have been met.

A specific jurisdiction analysis involves a two-step inquiry. First, we must consider whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. In this connection, we examine whether the "defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "Second[,] if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)). In other words, the forum state's exercise of jurisdiction over

the defendant must be reasonable "in light of the circumstances surrounding the case." *Id*. at 1091.

We agree with the district court that Judge Mapes' contact with the Olsens in response to proceedings they initiated in California did not create a substantial connection between Judge Mapes and New Mexico. First, "[i]t is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995). Instead, "the exercise of jurisdiction depends on the *nature* of those contacts." *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988). There is simply no evidence on the record that Judge Mapes purposefully chose New Mexico as the forum for any of his contacts with the Olsens. Judge Mapes neither lives nor works in New Mexico. Indeed, it was mere fortuity that the Olsens happened to reside in New Mexico when some of their contacts with Judge Mapes occurred. *Burger King*, 471 U.S. at 475 ("'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts").

In addition, a showing of minimum contacts cannot rest on the Olsens' unilateral actions seeking contact with Judge Mapes. *Id*. at 478 (an individual's contract with an out-of-state party alone does not automatically establish

sufficient minimum contacts in the other party's home forum). Tom Olsen is a plaintiff in an administrative proceeding which is currently pending before Judge Mapes in the Northern District of California. The mere fact that Judge Mapes engaged in communication with the Olsens while they were in New Mexico regarding a case they filed in California does not constitute sufficient minimum contacts with New Mexico to support personal jurisdiction under federal law. *See Soma*, 196 F.3d at 1298-99 (British bank's actions in sending faxes and other communications to Utah corporation held insufficient to establish specific personal jurisdiction in Utah where corporation apparently unilaterally decided to conduct business with British bank and Utah had only fortuitous role in parties' relationship). In fact, all of the actions complained about by the Olsens were conducted by Judge Mapes in his official capacity in California.

Even though Judge Mapes does not have the requisite minimum contacts with New Mexico, we address the second part of the due process inquiry which involves determining whether the exercise of personal jurisdiction over the defendant offends "traditional notions of fair play and substantial justice." *OMI*, 149 F.3d at 1091 (quotation omitted). We do so because the two requirements for specific jurisdiction are interrelated such that an especially strong showing of reasonableness may serve to fortify a borderline showing of minimum contacts. *Id*. at 1091-92. Determining whether the second requirement is satisfied requires

consideration of several factors: (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and efficient relief, (4) the judicial system's interest in obtaining the most efficient resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies. *See Burger King*, 471 U.S. at 476-77.

We agree with the district court with regard to the reasonableness inquiry. There do not appear to be any practical burdens or inconveniences for either party associated with litigating the claims outside of New Mexico because both parties currently reside in California. The Olsens have not identified any interest in the state of New Mexico in adjudicating their dispute with Judge Mapes, nor have they pointed to any fundamental substantive social policy that would be advanced by litigating their claims in New Mexico. Moreover, retention of the case by the District of New Mexico does not appear necessary to bring about an efficient resolution. Thus, the constitutional prerequisites for the district court's exercise of specific jurisdiction over Judge Mapes have not been satisfied.

For the reasons stated above, we **DISMISS** the appeal against Mr. Babcock and otherwise **AFFIRM**.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-8-